THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LAURA D. JANTOS,

               Plaintiff,

v.

THE PRUDENTIAL LIFE INSURANCE COMPANY OF AMERICA,

               Defendant.

Case No. 2:15-cv-01530-RAJ

ORDER

This matter comes before the Court on Defendant The Prudential Life Insurance Company of America's Motion to Dismiss. Dkt. # 38. Plaintiff Laura Jantos opposes the motion. Dkt. # 40. For the reasons that follow, the Court GRANTS in part and DENIES in part Defendant's motion.

**I.    BACKGROUND**

ORDER-1

Plaintiff is a beneficiary to a Long Term Disability (LTD) Plan that Defendant administers. Dkt. # 33 (Amended Complaint) at ¶¶ 2, 3. After suffering a traumatic brain injury, Plaintiff submitted a claim for benefits under the LTD Plan. *Id.* at ¶ 5. Defendant approved her claim and paid her benefits pursuant to the Plan. *Id.* Plaintiff never contested the amount of her monthly benefit.

At some point, Defendant terminated Plaintiff's benefits. *Id.* at ¶ 12. Plaintiff appealed the decision, and Defendant ultimately agreed to reinstate her benefits. *Id.* Plaintiff now claims that Defendant has been underpaying her benefits and brings this lawsuit under the Employee Retirement Income Security Act of 1974 (ERISA).

## II. LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id*. at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A court typically cannot consider evidence beyond the four corners of the complaint, although it may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may also consider evidence subject to judicial notice. *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

### III. DISCUSSION

A. Exhaustion of Remedies

Plaintiff's first claim arises under 29 U.S.C. § 1132(a)(1)(B). Dkt. # 33 (Amended Complaint) at ¶ 16. She alleges that Defendant underpaid her LTD benefits, and she seeks to enforce her rights under the Plan as well as clarify her right to future benefits under the terms of the Plan. *Id.* To bring such a claim, Plaintiff "must avail . . . herself of a plan's own internal review procedures before bringing suit in federal court." *Vaught v. Scottsdale Healthcare Corp. Health Plan*, 546 F.3d 620, 626 (9th Cir. 2008); *Diaz v. United Agr. Employee Welfare Ben. Plan and Trust*, 50 F.3d 1478, 1483 (9th Cir. 1995); *Amato v. Bernard*, 618 F.2d 559, 568 (9th Cir. 1980). Though this exhaustion requirement is a court-created doctrine, it is long settled that Congress intended for plaintiffs to exhaust their remedies prior to bringing suit in a federal forum. *Diaz*, 50 F.3d at 1483. Doing so reduces frivolous litigation, promotes consistent treatment of claims, minimizes costs of claim settlement, and allows for "proper reliance on administrative expertise." *Id.*

Plaintiff's Plan provided that it would pay sixty-percent of Plaintiff's monthly earnings up to $15,000. Dkt. # 39 at p. 18. Accordingly, when the Plan approved Plaintiff's LTD benefits, it multiplied her monthly earnings by sixty-percent to calculate her scheduled benefit of $9,500. *Id*. at p. 54. In addition to approving her benefits, Defendant directed Plaintiff to contact a claims handler or other representative should she have any questions regarding her scheduled benefits. *Id.* at pp. 54-55. Moreover, the Plan provided information on how to file a claim, and authorized Plaintiff to "start legal action regarding [her] claim 60 days after proof of claim has been given and up to 3 years from the time proof of claim is required, unless otherwise provided under federal law." *Id.* at pp. 36-38.

Plaintiff claims an exception to her exhaustion requirement. *See, generally*, Dkt. # 40. Plaintiff explains that if Defendant's approval letter is not an "adverse benefit determination," and it is not, then she may sidestep any exhaustion requirement and bring a lawsuit within the time frame noted in the Plan. *Id.* at pp. 24-25. The Court disagrees. Plaintiff must attempt to utilize Defendant's internal resources before venturing into a federal forum. *Diaz*, 50 F.3d at 1484 ("If the denial letters left Diazes in the dark . . ., a toll-free telephone call could have shed light on the matter. Diazes fail to explain why that phone call was not made, nor have they suggested that the call would have been unproductive."). Had Plaintiff called her claims handler or any other representative—information that Defendant provided in its benefits approval letter—to seek clarification regarding her scheduled benefits, she may have had the opportunity

ORDER-4

for an internal review. In fact, Defendant proved that it could resolve Plaintiff's issues both internally and in her favor based on Plaintiff's appeal in 2016. Dkt. # 33 (Amended Complaint) at ¶ 12. Internal resolution and judicial economy are not mere details in ERISA's construction, and the Court takes Plaintiff's exhaustion requirement seriously. Accordingly, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's first claim under 29 U.S.C. § 1132(a)(1)(B) without prejudice.

B. Plaintiff's Second Claim under 29 U.S.C. § 1132(a)(3)

Plaintiff alleges that Defendant violated its obligations as a fiduciary "by failing to act in accordance with the documents and instruments governing the LTD Plan" when calculating Plaintiff's monthly benefit. Dkt. # 33 (Amended Complaint) at ¶ 20. However, Plaintiff does not allege any plausible facts to show that Defendant miscalculated her benefit.

The Plan clearly states that it will pay sixty-percent of Plaintiff's monthly earnings, not to exceed $15,000. Dkt. # 39 at p. 7. Defendant found that Plaintiff earned $15,833.33 per month. Dkt. # 39 at p. 54. Defendant agreed to pay Plaintiff sixty-percent of this amount, which equals approximately $9,500. *Id.* Plaintiff therefore fails to allege facts indicating Defendant breached its duties under the Plan. Because Plaintiff's second claim turns on whether Defendant miscalculated Plaintiff's monthly benefit—and it is not clear from the Amended Complaint that this occurred— the Court **GRANTS** Defendant's motion to dismiss this claim without prejudice.

## IV. CONCLUSION

For all the foregoing reasons, the Court **GRANTS in part and DENIES in part** Defendant's Motion to Dismiss. Dkt. # 38. The Court dismisses Plaintiff's Amended Complaint without prejudice.

Dated this 20th day of April, 2017.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER-6