HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAURA D. JANTOS,<br>　　　　　Plaintiff,<br>　v.<br>THE PRUDENTIAL LIFE INSURANCE COMPANY OF AMERICA.<br>　　　　　Defendant. | CASE NO. C15-1530 RAJ<br><br>ORDER |

This matter comes before the court on the parties' Stipulated Joint Motion to File the Stipulated Portion of the Administrative Record Under Seal ("Stipulated Motion"). Dkt. # 60. In this ERISA, case, the parties request that this Court permit the parties to file the entire administrative record under seal, which the parties assert contain "extensive medical records and discussions of [Plaintiff's] medical conditions." *Id.* at 1.

Plaintiff has also filed a Motion to Seal certain portions of her Motion for Summary Judgment and certain documents attached as exhibits to declarations in support thereof. Dkt. # 61.

ORDER- 1

For the reasons stated below, the Court **DENIES** the parties' Stipulated Motion (Dkt. # 60) without prejudice. The Court **GRANTS** Plaintiff's Motion to File Under Seal. Dkt. # 61.

"There is a strong presumption of public access to the court's files." Western District of Washington Local Civil Rule ("LCR") 5(g). Parties must "explore all alternatives before filing a document under seal." LCR 5(g)(1). Under this Court's local rules, parties may file a document under seal only if a statute, rule, of prior court order expressly authorizes, or if the motion to seal a document is filed before or at the same time the parties file the sealed document. LCR 5(g)(2). Additionally, a motion to seal, "even if it is a stipulated motion, *must* include" both of the following:

> (A) a certification that the party has met and conferred with all other parties in an attempt to reach agreement on the need to file the document under seal, to minimize the amount of material filed under seal, and to explore redaction and other alternatives to filing under seal; this certification must list the date, manner, and participants of the conference;
>
> (B) a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of:
> i. the legitimate private or public interests that warrant the relief sought;
> ii. the injury that will result if the relief sought is not granted; and
> iii. why a less restrictive alternative to the relief sought is not sufficient

LCR 5(g)(3). Moreover, "[e]vidence support from declarations must be provided where necessary." *Id.*

1. Parties' Stipulated Motion to Seal the Entire Administrative Record (Dkt. # 60)

The Court agrees that Plaintiff's medical records are the sort of information that should be kept under seal. The Court has reviewed the portions of the Administrative record filed at Dkt. # 65, pp. 78-167, and finds that these records should be kept under seal. However, the Court finds that the parties have failed to demonstrate that the sealing of the *entire* administrative record overcomes the strong presumption in favor of public

access pursuant to Local Civ. R. 5(g).[1] Although Plaintiff has filed some portions of the record, the Court cannot determine on its own whether the parties' assertion that "redaction is not a reasonably feasible alternative" for the *entire* record has merit. Dkt. # 60 at 3. The parties have not filed a declaration providing the facts supporting its claims that redaction or other alternative methods are not feasible.

The Court is reluctant, at this point, to grant the parties a blanket prospective order permitting thousands of pages of material to be filed under seal. There is a strong presumption of public access to the court's files, and the parties, at present, have failed to overcome this presumption with this Stipulated Motion. For the foregoing reasons, the court **DENIES** the parties' Stipulated Motion without prejudice. Dkt. # 60. The parties may re-file this Motion provided that it complies with this Court's Local Rules, specifically LCR 5(g).

2. Plaintiff's Motion to File Under Seal (Dkt. # 61)

The Court finds better reason to grant Plaintiff's unopposed Motion to File Under Seal. Dkt. # 61. Plaintiff seeks to file portion of her Motion for Summary Judgment (Dkt. # 62) and exhibits to two declarations (Dkt. ## 65, 67) under seal. Plaintiff has filed the unredacted versions of these documents under seal, and provided the Court with redacted copies for the public record. Dkt. ## 63, 64, 66. The Court finds that this practice comports better with LCR 5(g), and permits the Court an opportunity to review the materials sought to be filed under seal to determine their viability.

The Court has reviewed Plaintiff's filings, and finds that there are compelling reasons to keep this medical and proprietary business information under seal. The Court also finds that Plaintiff has minimized that amount of information to be shielded from

---

[1] Although this Court permits administrative records in Social Security cases to be filed under seal in their entirety under LCR 5.2(c), this Court is unaware of any such exception applying to administrative records in ERISA cases.

ORDER- 3

1 | public view. Accordingly, Plaintiff's Motion to File Under Seal is **GRANTED**. Dkt. #
2 | 61.

3  Dated this 8th day of August, 2018.

The Honorable Richard A. Jones
United States District Judge