HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LAURA D. JANTOS,

                Plaintiff,

  v.

THE PRUDENTIAL LIFE
INSURANCE COMPANY OF
AMERICA.

                Defendant.

CASE NO. C15-1530 RAJ

ORDER

This matter comes before the Court on Prudential's Unopposed Motion to Seal (Dkt. # 71) and Plaintiff's Motion to File Under Seal (Dkt. # 76). Neither party has responded to the other's motion. For the reasons stated below, the Court **GRANTS** both motions. Dkt. ## 71, 76.

"There is a strong presumption of public access to the court's files." Western District of Washington Local Civil Rule ("LCR") 5(g). Parties must "explore all alternatives before filing a document under seal." LCR 5(g)(1). Under this Court's local rules, parties may file a document under seal only if a statute, rule, of prior court order expressly authorizes, or if the motion to seal a document is filed before or at the same time the parties file the sealed document. LCR 5(g)(2). Additionally, a motion to seal, "even if it is a stipulated motion, *must* include" both of the following:

ORDER - 1

(A) a certification that the party has met and conferred with all other parties in an attempt to reach agreement on the need to file the document under seal, to minimize the amount of material filed under seal, and to explore redaction and other alternatives to filing under seal; this certification must list the date, manner, and participants of the conference;

(B) a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of:
i. the legitimate private or public interests that warrant the relief sought;
ii. the injury that will result if the relief sought is not granted; and
iii. why a less restrictive alternative to the relief sought is not sufficient.

LCR 5(g)(3). Moreover, "[e]vidence support from declarations must be provided where necessary." *Id*.

1. Prudential's Unopposed Motion to Seal (Dkt. # 71)

On August 9, 2018, this Court denied without prejudice the parties' stipulated request to file the entire administrative record under seal (Dkt. # 60), but granted Plaintiff's request (Dkt. # 61) to file certain medical and proprietary business information under seal. Dkt. # 70. Prudential now moves to file its Opposition (Dkt. # 73) to Plaintiff's Motion for Summary Judgment under seal. Dkt. # 71. Prudential argues that the information at issue is the same sort of sensitive proprietary business information the Court already determined in its previous Order should be maintained under seal. *Id*. at 2-3. Prudential has filed the unredacted version of its Opposition under seal, and provided the Court with a redacted copy for the public record. Dkt. ## 72, 73. Prudential also states that it has met and conferred with Plaintiff on the material to be filed under seal. Dkt. # 71 at 3.

The Court has reviewed Prudential's Opposition, and finds that it contains proprietary business information the Court has already determined is appropriately kept under seal. The Court also finds Prudential's proposed redactions reasonable and that Prudential has minimized that amount of information to be shielded from public view. Accordingly, Prudential's Unopposed Motion to Seal is **GRANTED**. Dkt. # 71.

2. <u>Plaintiff's Motion to File Under Seal (Dkt. # 76)</u>

Plaintiff seeks to file Exhibit S to the Supplemental Declaration of Megan E. Glor in Opposition to Defendant's Cross-Motion for Summary Judgment under seal. Dkt. # 71. Plaintiff has filed the unredacted version of this document under seal. Dkt. # 77. Plaintiff also states that she has met and conferred with Prudential on the material to be filed under seal. Dkt. # 76 at 2.

The Court agrees with Plaintiff that this document contains the type of proprietary business information the Court already determined is properly kept under seal. Although Plaintiff did not provide a redacted copy of this one-page document, the Court finds that any attempted redaction of the limited information contained within the document would be wasteful, as it would essentially require redaction of the entire document.

The Court has reviewed Plaintiff's filings, and finds that there are compelling reasons to keep this proprietary business information under seal. Accordingly, the Court finds that Exhibit S is properly kept under seal, and also finds that Plaintiff has minimized that amount of information to be shielded from public view. Accordingly, Plaintiff's Motion to File Under Seal is **GRANTED**. Dkt. # 76.

Dated this 15th day of November, 2018.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER - 3